**SO ORDERED.**

**SIGNED this 25 day of August, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

WILSON ORGANIC FARM SERVICES, INC.
    DEBTOR

CASE NO.
20-01190-5-JNC
CHAPTER 11

## ORDER DENYING MOTION FOR CHANGE IN VENUE

The matter before the court is the chapter 11 debtor's motion seeking a change in venue for this case from the United States Bankruptcy Court for the Eastern District of North Carolina to the United States Bankruptcy Court for the Middle District of North Carolina, filed July 31, 2020 (Dkt. 87; the "Motion"). The matter was heard telephonically on August 24, 2020. Although no objection thereto was filed, the Motion cannot be allowed at this late stage of the case.

The determination of whether to transfer venue of an existing case from another district is within the deciding court's discretion based on an individual case analysis of fairness and convenience. *See In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). The burden of proof is on the moving party by a preponderance of the evidence standard. *See In re Manville Forest Products Corp.*, 896 F.2d 1384 (2nd Cir. 1990). In considering whether to accept venue, courts most commonly look to the six following factors first listed in *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.)*, 569 F.2d 1239, 1247 (5th Cir. 1979):

1. Proximity of creditors of every kind to the court;
2. Proximity of the debtor to the court;
3. Proximity of witnesses necessary to the administration of the estate;
4. Location of assets;
5. Economic administration of the estate; and
6. The necessity for ancillary administration should a liquidation occur.

In the instant case, the debtor's primary operating assets are located in Orange County, North Carolina, which is in the Middle District. Ordinarily, that location would weigh in favor of a change in venue based on the first four factors listed above. However, those factors are largely offset by the fact that most hearings in this matter (excepting a contested plan hearing) will be heard telephonically for the next year regardless of the venue of the case. It makes no difference, in that event, whether the call is placed to Greenville, North Carolina, or Greensboro, North Carolina. Also, the trustee would not be changed in the event of a venue change, and his office is located in Raleigh, North Carolina. Changing venue does not affect the trustee much either way, given that the distances to the courthouses in the two districts are approximately equal for him.

The sixth factor (ancillary administration) has no effect here since the plan when filed is not expected to be liquidating in nature and no adversary proceedings have been filed that would turn on witness testimony and ease of location. If an adversary proceeding trial does become necessary, the court can set the matter for hearing at the bankruptcy courthouse in Raleigh, North Carolina, for the convenience of the parties. This factor does not weigh in favor of a change in venue.

The fifth factor, economic administration of the estate, is the determinative point. This factor is entitled to the most weight, as the court must take into account an equation of judicial economy, timeliness, and fairness factored by the unique facts, circumstances and progress (or lack thereof) in the case. *See Enron*, 274 B.R. at 347; *In re Knight-Celotex, LLC*, 427 B.R. 697, 709 (Bankr. E.D. Ill. 2010). This case was filed on March 18, 2020. The section 341 meeting has been held, and the trustee is up and operating. Several hearings have been conducted, both live and by telephone. The non-governmental claims deadline has run. A lift stay motion and fee applications are currently pending before the court that are ripe and must be ruled upon. The chapter 11 plan of reorganization filing deadline (June 6, 2020) is nearly twelve weeks past due, and the debtor's protracted failure to meet that requirement must be addressed. The bankruptcy administrator for this district is aware of this case and its unique points. The court is familiar with the case. Transferring the case would only lead to a further delay in filing a chapter 11 plan. Bringing matters to a conclusion will benefit all involved parties, perhaps the debtor most of all.

As we approach the six month anniversary of the filing of the petition, it is abundantly clear that the economic administration of the case is best served by leaving it in the United States District Court for the Eastern District of North Carolina. The Motion is therefore **DENIED**. Replacement counsel is requested (but not directed) to proceed with filing a general appearance, which, as the court indicated at the hearing on this matter, will be generally allowed if filed. A hearing on missing the plan due date will be set by separate order.

**END OF DOCUMENT**